UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENIENE MOTT, o/b/o R.C.M.-K.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                        /

Case No. 17-12259
Hon. Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION
### and
## DISMISSING ACTION

    This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation. **[Doc. No. 23, filed July 31, 2018]** Plaintiff filed timely objections to the Report and Recommendation, and the Commissioner filed a response to the objections. **[Doc. Nos. 24 and 25]**

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Sec'y of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

The Court now turns to Plaintiff's two objections to the Magistrate Judge's Report and Recommendation. Plaintiff first argues that the Magistrate Judge erred in upholding the ALJ's finding that Claimant's severe impairments did not functionally equal a listing to find him disabled. Plaintiff contends that the ALJ's finding is not supported by substantial evidence in the record and that "[s]ubstantial evidence on this record supports only one result – R.C.M.K. is a troubled child and whose severe impairments make it difficult for her to . . . follow directions and get along at home and school." Dkt. No. 24, PgID 657.

Plaintiff argues that the medical records from Southfield Pediatric Physicians or two teacher questionnaires, evidence she believes shows Claimant's disability, should have been considered by a consultative examiner or medical advisor. Plaintiff contends that the consultative examination prior to receipt of that evidence was not adequate, and the ALJ's summary of the new evidence is not

equivalent to review by a consultative examiner. Plaintiff does not, however, acknowledge or challenge the Magistrate Judge's analysis, specifically his finding that "SSR 96-6p, which requires an ALJ to obtain an updated medical expert opinion under certain circumstances, <u>does not apply when an ALJ is considering whether a child's impairment functionally equals a listing</u>." Dkt. No. 23, PgID 649 (quoting *Johnson v. Commissioner of Social Sec.*, 2014 WL 4798963, at *9, n.7 (E.D. Mich. Sept. 26, 2014)). *See also Soc. Sec. Rul. 09–1p*, 2009 SSR LEXIS 1, 28–29 (Mar. 19, 2009)("While SSR-6p requires that an ALJ . . . must obtain an updated medical expert opinion before making a decision of disability based on medical equivalence, there is no such requirement for decisions of disability based on functional equivalence. Therefore, ALJs . . . are not required to obtain updated medical expert opinions when they determine that a child's impairment(s) functionally equals the listings.").

Plaintiff's second objection is that the Magistrate Judge and ALJ erred when concluding that R.C.M.K. had less than marked limitations in the areas of acquiring and using information and attending and completing tasks. Although Plaintiff relies on teacher questionnaires that may support her position, the Court's review of the record reveals that there is substantial evidence to support the conclusion reached by the ALJ. The Magistrate Judge's analysis adequately addresses the issue. *See* Dkt. No. 23, PgID 646-49.

For all of the reasons set forth above, the Court is not persuaded that Plaintiff's objections are meritorious. The Court also finds (as the Magistrate Judge did) that substantial evidence in the record supports a finding of non-disability. Accordingly, the Court overrules Plaintiff's objections. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge R. Steven Whalen **[Doc. No. 23, filed July 31, 2018]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 24, filed August 10, 2018]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 19, filed January 29, 2018]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 22, filed April 9, 2018]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                         s/Denise Page Hood
                         Denise Page Hood
                         Chief Judge, United States District Court

Dated: September 11, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2018, by electronic and/or ordinary mail.

                         s/LaShawn R. Saulsberry
                         Case Manager